UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
LEE JOHNSON,                        )
                                    )
       Plaintiff,                  )
                                    )
       v.                          )  Civil Action No. 09-1390 (PLF)
                                    )
EDWARD F. REILLY, JR. *et al.*,     )
                                    )
       Defendants.                 )
_____ )

MEMORANDUM OPINION

       Plaintiff, a District of Columbia prisoner currently confined at the Federal Correctional Institution in Cumberland, Maryland, sues the United States Parole Commission ("USPC") for allegedly violating the *ex post facto* clause of the United States Constitution during his parole proceedings. He claims that the USPC applied its own guidelines issued in 2000 when it should have applied guidelines issued by the former District of Columbia Parole Board in 1987 in conjunction with the Board's 1991 policy guideline. *See* 74 FR 58540-01 (Nov. 13, 2009). Plaintiff seeks a declaration that the "application of the 2000 guidelines to [him] violates the Ex Post Facto Clause" and "a new Parole Hearing" utilizing the 1987 guidelines. Compl. at 8-9.

       Defendants move to dismiss on the ground that the claims are moot [Dkt. No. 14]. Plaintiff, having now had the requested hearing, moves for summary judgment [Dkt. No. 11]. The Court agrees that the initial claims are moot and finds that plaintiff is not entitled to judgment on the supplemental claim. It therefore will grant defendants' motion to dismiss and deny plaintiff's motion for summary judgment.

## I. BACKGROUND

Plaintiff is serving an aggregate sentence of 10 years and 8 months to 38 years for a number of offenses – including voluntary manslaughter, carrying a pistol without a license, conspiracy to commit murder, conspiracy to obstruct justice, and possession of a firearm during a crime of violence – committed on August 4, 1993, and May 2, 1994. Compl. at 1-2. Plaintiff appeared before a parole examiner for an initial parole hearing on April 26, 2005, and for a parole reconsideration hearing on June 18, 2008. Plaintiff alleges that each time, the parole examiner applied the 2000 guidelines. *Id*. at 19, 24.[1]

On December 17, 2009, the USPC, having amended its regulations applicable to D.C. Code offenders, held a parole reconsideration hearing for plaintiff utilizing the 1987 guidelines. By notice of January 5, 2010, the USPC denied parole and set a reconsideration hearing for an unspecified day in December 2010. Pl.'s Mot., Attachment ("Pl.'s Attach.") (Notice of Action). The USPC departed upward from the guidelines that, based on plaintiff's total point score of 3, would otherwise have authorized his release to parole. *Id*.

## II. DISCUSSION

Plaintiff's claims for injunctive and declaratory relief are moot because the parole hearing conducted on December 17, 2009 provided the equitable relief sought by plaintiff in his complaint. *See Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 321 (D.C. Cir. 2009) ("A case is moot when 'the challenged conduct ceases such that there is no reasonable

---

[1] The USPC assumed authority over parole determinations of District of Columbia prisoners in August 1998. *See Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998) (acknowledging new law transferring parole authority from the former D.C. Board of Parole); *Sellmon v. Reilly*, 551 F. Supp. 2d 66, 68-73 (D.D.C. 2008) (discussing original and revised regulations and guidelines).

expectation that the wrong will be repeated' in circumstances where 'it becomes impossible for the court to grant any effectual relief whatever to the prevailing party.' " ) (quoting *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009)) (other citation omitted); *Fletcher v. United States Parole Commission*, 550 F. Supp. 2d 30, 44 (D.D.C. 2008) ("A case is considered moot either when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)); *see also Sellmon v. Reilly*, 551 F. Supp. 2d 66, 84 (D.D.C. 2008) ("Were these plaintiffs to prevail in their *ex post facto* challenge, they would gain at most a new parole hearing. . . .") (citation and internal quotation marks omitted).

In his motion for summary judgment, plaintiff acknowledges that the USPC utilized the 1987 guidelines at his most recent parole hearing but now claims that the parole examiner "recommended that parole be denied [] for reasons unauthorized by the 1987 Regulations." Pl.'s Mot. ¶ 4. Contrary to plaintiff's assertion, the 1987 regulations authorized the USPC "to depart upward based on a prisoner's risk to society." *Phillips v. Fulwood*, ___ F.3d ___, 2010 WL 3063754 at *5 (D.C. Cir., Aug. 6, 2010) (citing D.C. MUN. REGS. tit. 28 § 204.22 & app. 2-1, at 2-34). Here, the USPC found "that at this time there is a reasonable probability that you would not obey the law if released and your release would endanger public safety." Pl.'s Attach. It reasoned:

> [Y]ou were convicted of two separate offenses that resulted in the death of two individuals. The second victim was a witness in a murder trial and was killed on orders from the target of the investigation. Your involvement in this conspiracy and obstruction of justice makes you a more serious risk if released to the community at this time. Additionally, your institution misconduct is deemed

> to be serious and includes past acts of threatening
> staff on two occasions and engaging in a fight with
> another inmate.

*Id*.

Because the USPC's decision is rationally supported, plaintiff has presented no grounds for granting judgment in his favor. *See Edmundson v. Turner*, 954 F.2d 510, 512-13 (8th Cir. 1992) (explaining that courts "have limited jurisdiction to review Parole Commission determinations. Congress has expressly declared that the Commission's decisions to grant or deny parole are 'actions committed to agency discretion for purposes of [the judicial review provisions of the Administrative Procedure Act].' ") (quoting 18 U.S.C. § 4218(d)) (brackets in original); accord *Slader v. Pitzer*, 107 F.3d 1243, 1246 (7th Cir. 1997) ("The inquiry is not whether the Commission's decision is supported by the preponderance of the evidence, or even by substantial evidence; the inquiry is only whether there is a rational basis in the record for the Commission's conclusions embodied in its statement of reasons."); *cf. with Rockingham v. United States Parole Commission*, 523 F. Supp. 2d 38, 42 (D.D.C. 2007) ("A court's role in reviewing a parole revocation decision is limited. The court determines only whether the revocation decision was 'either totally lacking in evidentiary support or [was] so irrational as to be fundamentally unfair.' ") (quoting *Singletary v. Reilly*, 452 F.3d 868, 872 (D.C. Cir. 2006) (other citations omitted) (brackets in original).

For the foregoing reasons, defendants' motion to dismiss is granted and plaintiff's motion for summary judgment is denied. A separate Order accompanies this Memorandum Opinion.

/s/_____
PAUL L. FRIEDMAN
DATE: August 26, 2010          United States District Judge